884 F.2d 580
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert G. RAY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-3025.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1989.
 
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and THOMAS A. HIGGINS, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Robert Ray appeals the final judgment entered by the magistrate by consent of the parties affirming the Secretary's denial of his application for disability insurance benefits. For the reasons that follow, we affirm.
 
 
 2
 Ray applied for disability benefits on June 19, 1985, alleging an onset date of June 15, 1984. His application was denied initially and upon reconsideration. He requested a hearing before an Administrative Law Judge, which was held on June 10, 1986. On July 30, 1986, the ALJ remanded Ray's claim to the Ohio Bureau of Disability Determination. The Bureau then affirmed its previous finding that Ray was not disabled.
 
 
 3
 Ray requested another hearing before an ALJ, which was held on July 15, 1987. In a decision dated August 26, 1987, the ALJ ruled that Ray was not disabled. In an order dated January 15, 1988, the Appeals Council declined to review the ALJ's decision, thereby allowing it to become the final decision of the Secretary.
 
 
 4
 Ray then sought judicial review of the Secretary's decision. The parties agreed to have the magistrate conduct all proceedings and order an entry of judgment. Both parties then moved for summary judgment. On October 27, 1988, the magistrate entered an order affirming the Secretary's decision and granting his motion for summary judgment. Ray then filed a timely appeal with this court, which has jurisdiction pursuant to 42 U.S.C. Sec. 405(g).
 
 
 5
 Ray was born on December 7, 1949, and was thirty-seven years old at the time of his second hearing. He has a tenth grade education and has engaged in past relevant work including that of a janitor/cleaner, automobile mechanic, school bus driver and mechanic, automobile parts salesman, and an automobile service manager. He has not engaged in substantial gainful activity since June 15, 1984. He suffers from alcohol abuse, anxiety, an emotionally unstable personality, nystagmus[1] of both eyes, an enlarged liver, pancreatic inflammation, and inflammation of the stomach. He based his claim for disability benefits primarily upon his mental impairments and his nystagmus.
 
 
 6
 Ray was represented by an attorney and testified at his hearing on July 15, 1987. Testimony was also taken from Dr. Joel Steinberg, a medical adviser, and Samuel Perlstein, a vocational expert. The ALJ found Ray had nystagmus of both eyes, inflammation of his pancreas, liver, and stomach, a history of alcohol abuse and anxiety disorders, and an emotionally unstable personality, but that these impairments did not meet or equal a listing. Furthermore, the ALJ found Ray had the residual functional capacity to return to his past relevant work of an automobile mechanic and a janitor/cleaner. Thus, the final decision of the Secretary in this case was that Ray was not disabled within the meaning of the Act.
 
 
 7
 After careful review of the medical evidence in this case, the record as a whole, and the parties' briefs, we find the Secretary's decision to deny Ray's application is supported by substantial evidence. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Thomas A. Higgins, United States District Judge, Middle District of Tennessee, sitting by designation
 
 
 [1]
 Nystagmus is a rhythmical oscillation of the eyeballs. 3 J.E. Schmidt, Attorneys' Dictionary of Medicine N-103 (1989)